## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **CASSANDRA VALLIANOS,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**ACURIAN, INC.,** a Delaware corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Cassandra Vallianos ("Vallianos" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Acurian, Inc. ("Acurian" or "Defendant") to stop Acurian from violating the Telephone Consumer Protection Act by sending autodialed text messages to consumers without their consent and to consumers registered on the Do Not Call registry, and to otherwise obtain injunctive and monetary relief for all persons injured by Acurian's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### INTRODUCTION

1.      Acurian is a patient recruiter and enrollment company for pharmaceutical companies looking to enroll consumers in medical studies and trials.[1]

2.      This is a lucrative and competitive business as pharmaceutical companies are anxious to sign up would-be consumers to test their latest products so they can introduce them

---

[1] https://www.linkedin.com/company/acurian/

into the marketplace.  These companies hire Acurian since they specialize in recruiting these consumers.

3.     Acurian boasts that it will provide its clients such as pharmaceutical companies with access to patients that these companies would not normally have access to.[2] On its website, Acurian states that it acquires patients through technology and boasts that they have a database of 100 million people.[3]

4.     At least part of the technology that Acurian refers to is autodialed text message marketing, which Acurian uses to solicit consumers about upcoming medical studies for its pharmaceutical company clients.

5.     Unfortunately, in its efforts to reach as many potential patients as possible and increase its compensation, Acurian fails to acquire the consent that is required in order to send autodialed text messages. In Plaintiff's case, Acurian sent 2 unsolicited, autodialed text messages to her cellular phone without her consent.

6.     These text messages are sent by Acurian to solicit a commercial transaction to which Acurian is a beneficiary.

7.     In response to these text messages, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease from sending text messages to consumers' cellular telephone numbers using an automatic telephone dialing system, as well as to consumers registered on the national Do Not Call registry, and to recover an award of statutory damages to the members of the Classes and costs.

---

[2] https://www.acurian.com/services/patientfirst-enrollment/
[3] *id*

## PARTIES

8.      Plaintiff Vallianos is a Pompano Beach, Florida resident.

9.      Defendant Acurian is a Delaware corporation headquartered in Horsham, Pennsylvania. Defendant conducts business throughout this District, the State of Florida, and the United States.

## JURISDICTION AND VENUE

10.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

11.     This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does significant business in this District and the state of Florida, and because the wrongful conduct giving rise to this case occurred in and/or were directed into this District. Venue is additionally proper because Plaintiff resides in this District and the calls were directed towards Plaintiff in this District.

## COMMON ALLEGATIONS

**Acurian Markets its Services by Sending Autodialed Text Messages to Consumers' Cellular Phone Numbers Without Consent**

12.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

13.     Yet in violation of this rule, Defendant fails to obtain any express written consent prior to making autodialed solicitation calls to cellular telephone numbers such as Plaintiff's. In

addition, these text messages are sent to consumers registered on the do not call registry who registered for the very purpose of avoiding unwanted calls and texts.

14.     In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator.  This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "STOP," the text messages' commercial and generic content, that substantively identical texts were sent to multiple recipients, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

15.     Acurian expressly states in various contexts that it contacts consumers using an autodialer.[4]

16.     Acurian owns/operates and/or utilizes the shortcode 78839.[5]

**PLAINTIFF'S ALLEGATIONS**

**Acurian Sent Text Messages to Plaintiff's Cell Phone Number Without Plaintiff's Consent**

17.     Plaintiff Vaillianos' cellular phone number has been registered on the do not call registry since November 28, 2006.

18.     On June 26, 2018 at 4:36 pm, Plaintiff Vallianos received an autodialed text message to her cellular phone from Defendant using the shortcode 78839. The text message states, "Struggle with Diabetes and Nerve Pain? Research studies are enrolling. Call 1-833-202-3722 or visit http://bit.ly/2LlAjGa. Reply STOP to opt-out."

---

[4] https://acurianhealth.com/questionnaire/screener/QSI8007-COUC
[5] https://usshortcodedirectory.com/directory/short-code-78839/

19.     Vallianos does not struggle with diabetes and does not experience nerve pain. The research study is not relevant to Vallianos at all and she did not agree to receive these texts.

20.     On August 23, 2018 at 4:14 pm, Plaintiff Vallianos received a second autodialed text message to her cellular phone from Defendant, again using the shortcode 78839. The text message states, "Men's health research studies are enrolling now. Call 1-833-818-1088 or visit bit.ly/2Mv5tA3. Reply STOP to opt-out[.]"

21.     The second text message is also irrelevant to Plaintiff Vallianos, as the research study is regarding men's health.

22.     Plaintiff does not have a relationship with Acurian or any of its affiliated companies, nor has she ever requested that Acurian call her, send text messages to her, or consent to any contact from Defendant.

23.     Simply put, Acurian did not obtain Plaintiff's prior express consent to send text messages to her on her cellular telephone using an autodialer.

24.     The unauthorized telephone calls made by Acurian, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Vallianos's use and enjoyment of her phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

25.     Seeking redress for these injuries, Vallianos, on behalf of herself and the Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits sending autodialed text messages to cellular telephones.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Acurian's Unsolicited Text Messages

26.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2)

and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of

the following Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendant (or an agent acting on behalf of Defendant) texted, (2) to the person's cellular telephone, (3) using the same equipment used to send text messages to Plaintiff, and (4) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to text Plaintiff, or (b) Defendant did not obtain prior express consent.

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through the present (1) Defendant (or an agent acting on behalf of Defendant) texted more than one time, (2) within any 12-month period (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days, and (4) for whom Defendant claims it (a) obtained consent in the same manner as Defendant claims it supposedly obtained prior express written consent to text the Plaintiff, or (b) did not obtain prior express written consent.

27.     The following individuals are excluded from the Classes: (1) any Judge or

Magistrate presiding over this action and members of their families; (2) Defendant, its

subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents

have a controlling interest and their current or former employees, officers and directors; (3)

Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion

from the Classes; (5) the legal representatives, successors or assigns of any such excluded

persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated

and/or released. Plaintiff anticipates the need to amend the Class definitions following

appropriate discovery.

28.   **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

29.   **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant utilized an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;

(b) whether Defendant sent autodialed text messages to Plaintiff and members of the Autodialed No Consent Class without first obtaining prior express consent to make the calls;

(c) whether Defendant sent multiple text messages to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;

(d) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the classes are entitled to treble damages based on the willfulness of Defendant's conduct.

30.   **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

31.   **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief

appropriate. Defendant's business practices apply to and affect the members of the Classes

uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with

respect to the Class as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the

damages suffered by individual members of the Classes will likely be small relative to the

burden and expense of individual prosecution of the complex litigation necessitated by

Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to

obtain effective relief from Defendant's misconduct on an individual basis. A class action

provides the benefits of single adjudication, economies of scale, and comprehensive supervision

by a single court. Economies of time, effort, and expense will be fostered and uniformity of

decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

32.     Plaintiff repeats and realleges paragraphs 1 through 31 of this Complaint and

incorporates them by reference herein.

33.     Defendant and/or its agents sent unwanted text messages to cellular telephone

numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using

an autodialer.

34.     These text messages were made *en masse* without the consent of the Plaintiff and

the other members of the Autodialed No Consent Class to receive such text messages.

35.     Defendant did not have consent from the Plaintiff orally or in writing to text her.

36.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of

Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are

each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each

violation of such act.

37.     In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of the Plaintiff and the Do Not Call Registry Class)**

38.     Plaintiff repeats and realleges paragraphs 1 through 31 of this Complaint and incorporates them by reference herein.

39.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

40.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order, which in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless

telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[6]

42.      47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

43.      Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

44.      Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

45.      Defendant made more than one unsolicited text to Plaintiff and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such texts. Plaintiff and the other members of the Do Not Call Registry Class never provided any form of consent to receive text messages from Defendant and do not have a current record of consent to place text messages to their registered phone numbers.

---

[6] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

46.     Defendant violated 47 C.F.R. § 64.1200(d) by initiating text messages to wireless telephone subscribers, such as Plaintiff  and the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

47.     Defendant violated 47 U.S.C. § 227(c)(5) when Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, the Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to no less than $500 in damages for such violations of 47 C.F.R. § 64.1200.

48.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

49.     An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

50.     An award of actual and/or statutory damages and costs;

51.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

52.     An injunction requiring Defendant to cease all unwanted text messaging, and to otherwise protect the interests of the Classes; and

53.     Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**CASSANDRA VALLIANOS**, individually and on behalf of those similarly situated individuals

Dated: October 25, 2018
/s/ *Avi R. Kaufman*
Avi R. Kaufman (FL Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiff and the putative Classes*